IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| RODNEY JACKSON,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF IOWA, IOWA BOARD OF PAROLE, ELIZABETH ROBINSON, LINN HALL, KIMBERLY K. WAAGMEESTER, JAMEY BELTMAN,<br><br>Defendants. | No. C09-4064-LRR<br><br>PRE-INITIAL REVIEW ORDER |

This matter is before the court on the plaintiff's application to proceed in forma pauperis. The plaintiff filed such application on August 6, 2009. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint pursuant to 42 U.S.C. § 1983, application for appointment of counsel and motion for preliminary injunction.

The plaintiff did not submit the statutory $350.00 filing fee. *See* 28 U.S.C. § 1914(a) (requiring $350.00 filing fee).[1] In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. 28 U.S.C. § 1915(a)(1). In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison. 28 U.S.C. § 1915(a)(2). A prisoner bringing a civil action in forma pauperis is required to pay the full $350.00 filing fee. 28 U.S.C. § 1915(b)(1). The full filing fee will be collected even

---

[1] The court notes that the plaintiff is under the impression that the filing fee is $250.00. On April 9, 2006, the filing fee increased from $250.00 to $350.00.

if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

The plaintiff's application to proceed in forma pauperis, as filed, is insufficient. The plaintiff did not submit a certified copy of his inmate account statement for the past six months, obtained from the appropriate prison official. *See* 28 U.S.C. § 1915(a)(2). If he wishes to pursue this matter, the plaintiff is directed to submit a certified copy of his inmate account statement by no later than October 9, 2009. If the plaintiff fails to comply with this order, this case may be dismissed for failure to respond to an order of the court. Fed. R. Civ. P. 41(b); *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 779-80 (8th Cir. 1995); *cf.* L.R. 41.1(b)(4). The court reserves ruling on the plaintiff's application to proceed in forma pauperis, complaint pursuant to 42 U.S.C. § 1983, application for appointment of counsel and motion for preliminary injunction.

**IT IS SO ORDERED.**
**DATED** this 21st day of September, 2009.

JON STUART SCOLES
Magistrate Judge
UNITED STATES DISTRICT COURT