# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| RODNEY F. JACKSON,<br><br>      Plaintiff,<br><br>vs.<br><br>STATE OF IOWA, IOWA BOARD OF PAROLE, ELIZABETH ROBINSON, LINN HALL, KIMBERLY K. WAAGMEESTER, JAMEY BELTMAN,<br><br>      Defendants. | No. C09-4064-LRR<br><br>INITIAL REVIEW ORDER |

This matter is before the court on the plaintiff's application to proceed in forma pauperis (docket no. 1). The plaintiff filed his application to proceed in forma pauperis on August 6, 2009. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint, application for appointment of counsel (docket no. 2) and motion for preliminary injunction (docket no. 3). Additionally, on September 30, 2009, the plaintiff filed a motion to amend the motion for preliminary injunction (docket no. 8).

## *I. IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915*

On September 21, 2009, the court ordered the plaintiff to submit a certified copy of his inmate account statement. The plaintiff complied with the court's order on September 28, 2009 and October 2, 2009. Based on the plaintiff's application and certificate of inmate account, it is clear that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk of court shall file the complaint without the prepayment of the filing fee. Although the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment

basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on an average account balance of $34.49 and average monthly deposit of $21.23, the court finds that the initial partial filing fee is $6.90. *Id*. The plaintiff shall submit $6.90 by no later than January 30, 2010. *Id*. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk of court shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

## II. APPLICATION FOR APPOINTMENT OF COUNSEL

Appointment of counsel is based on multiple factors, including the complexity of the case, and, although the court does appoint attorneys in civil actions, it is not required to appoint an attorney. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case). Given the record in this action, the court does not believe that the assistance of counsel is warranted. Accordingly, the plaintiff's application for appointment of counsel shall be denied.

## III. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst*

*v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g., Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

## IV. *MOTION TO AMEND THE MOTION FOR PRELIMINARY INJUNCTION AND MOTION FOR PRELIMINARY INJUNCTION*

In his motion to amend the motion for preliminary injunction, the plaintiff seeks to clarify aspects of his complaint and why an injunction against the defendants is warranted. Because none of the defendants have been served with a copy of the complaint or motion for preliminary injunction and the court is now undertaking an initial review of the plaintiff's claims, the court finds that it is appropriate to allow the complaint and motion for preliminary injunction to be amended. Accordingly, the plaintiff's motion to amend the motion for preliminary injunction shall be granted.

With respect to the merits of the plaintiff's motion for preliminary injunction, the standard set forth in *Dataphase Sys., Inc. v. C. L. Sys., Inc.*, 640 F.2d 109, 112-14 (8th Cir. 1981), applies to a request for preliminary injunctive relief. The factors to consider when determining whether to grant preliminary relief in a federal setting are:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Id*. at 114. The burden of establishing the necessity of a preliminary injunction is on the movant. *Baker Elec. Coop., Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994) (citing *Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.*, 871 F.2d 734, 737 (8th Cir. 1989)). "'No single factor in itself is dispositive; in each case all of the factors must be considered to determine whether on balance they weigh towards granting the injunction.'"

4

*Baker*, 28 F.3d at 1472 (quoting *Calvin Klein Cosmetics Corp. v. Lenox Laboratories, Inc.*, 815 F.2d 500, 503 (8th Cir. 1987), in turn citing *Dataphase*, 640 F.2d at 113)). However, "a failure to demonstrate irreparable harm, standing alone, may be a sufficient basis to deny preliminary injunctive relief." *Caballo Coal Co. v. Ind. Mich. Power Co.*, 305 F.3d 796, 800 (8th Cir. 2002) (citing *Dataphase*, 640 F.2d at 114 n.9). The court reviewed the plaintiff's complaint and motion for preliminary injunction. Based on its review of the plaintiff's pleadings and relevant legal authority, the court does not believe it is appropriate to grant a preliminary injunction. Accordingly, a preliminary injunction will not issue.

## V. CLAIMS ASSERTED

Currently confined at the Newton Correctional Facility in Newton, Iowa, the plaintiff, proceeding pro se, submitted a complaint. It is not clear from the complaint whether the plaintiff is relying on 42 U.S.C. § 1983 to redress the alleged deprivation of his constitutional rights. Similarly, the plaintiff does not predicate jurisdiction on either 28 U.S.C. § 1343 or 28 U.S.C. § 1331. Under 28 U.S.C. § 1391(b), venue appears proper as the defendants are located in this district and the events giving rise to the instant action occurred in this district.

In his complaint, the plaintiff contends:

> On or about February 2, 2009, I was arrested on a warrant sought by the Sheldon Police Department in Sheldon, Iowa. The warrant accuses me of two counts of first degree harassment in violation of Iowa Code section 708.7(3). At the time the warrant was issued, I was on parole.
>
> On or about February 3, 2009, Jamey Beltman, that is, my parole officer, filed a request to revoke my parole. In support of such request, Jamey Beltman stated that I violated the terms of my parole on or about November 3, 2008. He included false information in his report.

5

On or about May 4, 2009, both counts of first degree harassment were dismissed, but Jamey Beltman continued to assert that I violated the terms of my parole.

On or about June 12, 2009, while I was housed at the O'Brien County Jail, Jamey Beltman served me with copies of documents that pertained to revoking my parole. I asked Jamey Beltman for additional time, but he did not respond.

I believe that an official at the O'Brien County Jail provided Jamey Beltman with bogus disciplinary reports. I believe that Jamey Beltman relied on criminal counts that were dismissed or convictions that have been appealed to support his request to revoke my parole. Jamey Beltman amended the documents that requested my parole be revoked.

On or about June 22, 2009, a parole revocation hearing was held, and Senior Administrative Parole Judge James C. Twedt concluded that I violated parole condition C.L. and special condition 201. I do not believe that the parole revocation hearing complied with the due process clause of the United States Constitution because: (1) a neutral and detached body such as a traditional board of parole was not present, (2) only me, Dennis Emdisk, that is, my appointed attorney, Jamey Beltman, Dave Lich, that is, a Sheldon Police Officer, and Judge James C. Twedt made an appearance, (3) Judge James C. Twedt appeared by closed-circuit television, (4) Judge James C. Twedt did not provide me with a written statement as to the evidence that he relied on to revoke my parole or the reason for revoking my parole.

I believe that a violation of the Sixth Amendment occurred because appointed counsel was ineffective. I requested Dennis Emdisk to submit certain documents and he failed to provide copies of them to Judge James C. Twedt. I also requested Dennis Emdisk to ask the parole office for additional time, but he failed to do so. A parole revocation hearing is scheduled for one hour and, if additional time is required, the parole office is supposed to be contacted so that the parole revocation hearing can be rescheduled.

On or about June 22, 2009, an official from the O'Brien County Jail brought me to the parole revocation hearing ten to

fifteen minutes late. When I arrived, Judge James C. Twedt was already on the television and Dennis Emdisk and Jamey Beltman were in the room. I believe discussions occurred without me present.

On or about June 25, 2009, I appealed my parole revocation because Dennis Emdisk failed to respond to all of my requests. Elizabeth Robinson responded to my written appeal. She affirmed Judge James C. Twedt's decision to revoke my appeal and failed to provide me with a written statement as to the evidence that was relied on to revoke my parole or the reason for revoking my parole.

I believe my parole was revoked because I am African American and I was paroled to an all white or Caucasian community. My parole was revoked because the defendants wanted to remove me from an all white community.

As relief, the plaintiff asks the court to: (1) order the defendants to submit a copy of the decision that revoked his parole and name all of the persons who attended his parole revocation hearing, (2) allow him to confront Jamey Beltman in open court during a hearing, (3) declare his parole revocation unconstitutional; (4) order his immediate release, (5) insure that his constitutional rights are protected in any subsequent parole revocation hearing and (6) order the defendants to review and correct all parole revocation hearings that do not comply with the due process clause of the Fourteenth Amendment. Additionally, the plaintiff asks the court to award damages in the amount of $300,000.00 for: (1) the deprivation of his civil rights, (2) the pain and suffering he experienced and (3) the loss of his job, apartment, ability to attend classes and scheduled visits with his children. Finally, the plaintiff seeks attorney fees and costs from the defendants.

### A. *Claims Under 42 U.S.C. § 1983*

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

7

> deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S. Ct. 1905, 60 L. Ed. 2d 508 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

### *B. Analysis*

Based on the facts alleged in the instant complaint, it is clear that the plaintiff does not state a viable claim under 42 U.S.C. § 1983. In *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), the Supreme Court delineated what constitutes a habeas corpus action as opposed to a 42 U.S.C. § 1983 claim. The plaintiff's

label of his action cannot be controlling. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing *Preiser*, 411 U.S. at 489-90). If a plaintiff is challenging the validity of his conviction or the duration of his incarceration and seeking a determination that he is entitled to immediate or speedier release, a writ of habeas corpus is the only federal remedy available. *Preiser*, 411 U.S. at 500; *Otey v. Hopkins*, 5 F.3d 1125, 1131 (8th Cir. 1993). It is the substance of the relief sought which counts. *Kruger,* 77 F.3d at 1073.

In this action, the plain language of the complaint demonstrates that the plaintiff is indirectly challenging the validity of his confinement. The plaintiff, among other things, complains about events that are related to his first degree theft conviction in *State v. Jackson*, No. FECR052494 (Woodbury County Dist. Ct. 2005).[1] *See Jackson v. State*, 2009 Iowa App. LEXIS 568 (Iowa Ct. App. 2009); *Jackson v. State*, 2009 Iowa App. LEXIS 222 (Iowa Ct. App. 2009). Specifically, the plaintiff complains about being placed in prison after his parole was revoked in June of 2009.[2] Although it initially suspended the plaintiff's sentence and placed the plaintiff on probation for three years following his first degree theft conviction, the Iowa District Court for Woodbury County revoked the plaintiff's probation and imposed a sentence of ten years on August 22, 2005. The plaintiff was imprisoned from August 22, 2005 until March 4, 2008, that is, the date that his work release commenced. The plaintiff remained on work release until he was paroled on July 1, 2008. The plaintiff remained on parole until June 22, 2009, that is, the date that his parole was revoked and he was sent back to prison. The plaintiff's tentative discharge date from prison is February 27, 2010. As relief, the plaintiff, in part, states that he would

---

[1] Iowa state court criminal and civil records may be accessed at the following address: http://www.iowacourts.gov/Online_Court_Services/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

[2] The Iowa Department of Corrections provides access to information pertaining to offenders at the following address: http://www.doc.state.ia.us/.

like the court to award him damages. The relief sought by the plaintiff is not available because a 42 U.S.C. § 1983 cause of action for damages does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal . . ., or called into question by the issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994). The plaintiff acknowledges that he only asked Elizabeth Robinson to review Judge James C. Twedt's decision, and it does not appear that he has successfully challenged his parole revocation through habeas or some other proceeding. Thus, the plaintiff's claims under 42 U.S.C. § 1983 fail as a matter of law. *See Williams v. Nelson*, 1998 U.S. App. LEXIS 2712 (8th Cir. 1998); *Ladd v. Mitchell*, 1996 U.S. App. LEXIS 18771 (8th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *see also Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007) (applying "favorable termination" rule of *Heck v. Humphrey*, 512 U.S. at 477, to damages claim based on the loss of sentence-reduction credits); *Portley-El v. Brill*, 288 F.3d 1063, 1066-67 (8th Cir. 2002) (applying "favorable termination" rule of *Heck v. Humphrey*, 512 U.S. at 477, to damages claim based on disciplinary decision that caused a loss of good time credits).[3]

---

[3] Even if the plaintiff ultimately succeeds in challenging the legality of his continued confinement through appropriate state or federal remedies, the court notes that the plaintiff does not assert any physical injury as a result of the defendants' actions. Under the Prison Litigation Reform Act,
> [n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without prior showing of physical injury.

42 U.S.C. § 1997e(e); *see also Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (42 U.S.C. § 1997e(e) applies to all prisoner federal civil actions). Because he does not have the requisite physical injury to support a claim for mental or emotional suffering, compensatory damages are barred under 42 U.S.C. § 1997e(e). *See Smith v. Moody*, 175 F.3d 1025 (table) (8th Cir. 1999) (affirming dismissal of inmate's complaint, when inmate failed to allege any physical injury); *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir.
(continued…)

Construing the action as an application for habeas corpus relief under 28 U.S.C. § 2254, the claims shall be dismissed because it is clear from the complaint that the plaintiff did not seek post-conviction relief pursuant to Chapter 822 of the Iowa Code. *See* Iowa Code section 822.1, *et al.* (providing for post-conviction relief). Stated differently, dismissal is appropriate because the plaintiff failed to meet the exhaustion requirements of 28 U.S.C. § 2254(b)(1).[4]

In light of the foregoing, the plaintiff's action shall be dismissed for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis status (docket no. 1) is granted.
(2) The clerk of the court is directed to file the complaint without the prepayment of the filing fee.
(3) The plaintiff is directed to submit an initial partial filing fee of $6.90 by no later than January 30, 2010. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

---

[3](…continued)
1997) (affirming dismissal of inmate's claims pursuant to 42 U.S.C. § 1997e(e), where alleged physical injury was merely de minimis); *Todd v. Graves*, 217 F. Supp. 2d 958, 960-61 (S.D. Iowa 2002) (barring plaintiff from recovering compensatory damages for mental and emotional injuries because his physical injuries did not pass 42 U.S.C. § 1997e(e) de minimis test).

[4] The court notes that, in the past, the plaintiff appears to have relied on Iowa Code § 822.2(1)(e) to challenge the revocation of his probation. *See Jackson v. State*, 2009 Iowa App. LEXIS 568 (Iowa Ct. App. 2009); *Jackson v. State*, 2009 Iowa App. LEXIS 222 (Iowa Ct. App. 2009).

(4) After the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(5) The clerk of the court is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(6) The plaintiff's application for appointment of counsel (docket no. 2) is denied.

(7) The plaintiff's motion to amend the motion for preliminary injunction (docket no. 8) is granted.

(8) The plaintiff's motion for preliminary injunction (docket no. 3) is denied.

(9) The plaintiff's complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2) and/or 28 U.S.C. § 1915A(b)(1).

(10) The dismissal of this action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**DATED** this 28th day of December, 2009

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO:  WARDEN/ADMINISTRATOR
     Newton Correctional Facility, Newton, Iowa

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Rodney Jackson, #6838750, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Jackson v. State of Iowa, et al.*, Case No. C09-4064-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $6.90, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

_____
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa